UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIO IVAN ESPINOZA DIAZ, et al., individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PREMIUM PACKING, INC.,<br><br>Defendant. | Case No. 5:15-cv-01258-EJD<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO COMPEL ARBITRATION; DENYING WITHOUT PREJUDICE REQUESTS FOR SANCTIONS**<br><br>Re: Dkt. Nos. 20, 21, 27, 30 |

In this employment class action, Plaintiffs Mario Ivan Espinoza Diaz and Guillermo Cruz Cruz (collectively, "Plaintiffs") allege their former employer, Premium Packing, Inc. ("Premium"), violated several sections of the California Labor Code with respect to the payment of wages. In response to this action, Premium now moves for an order compelling Plaintiffs to arbitrate their claims according to documents Premium asserts governed Plaintiffs' employment. See Docket Item Nos. 20, 21. Premium also requests an order imposing sanctions against Plaintiffs and their attorneys for presenting pleadings which Premium believes violate Federal Rule of Civil Procedure 11. See Docket Item No. 27.

Plaintiffs oppose the motion and deny the existence of an arbitration agreement between themselves and Premium. See Docket Item No. 24. They also oppose Premium's motion for

1

sanctions and affirmatively request sanctions against Premium for "fabricating" evidence.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1332(d). Having carefully reviewed the relevant documents submitted by the parties, the court has determined that factual disputes preclude a final decision on the issue of arbitration. Accordingly, Premium's motion to compel arbitration and the parties' requests for sanctions will be denied without prejudice subject to an evidentiary hearing addressing the formation of an arbitration agreement.

## I.   BACKGROUND

Premium is a farm labor contractor which employs workers "to render services in the growing, production of harvesting of farm products and agricultural commodities of its clients." See Decl. of Ronnie Alderete ("Alderete Decl."), Docket Item No. 20, at ¶ 3. According to the Complaint, Plaintiffs were employed by Premium as "piece rate" agricultural workers in Salinas, California. See Compl., Docket Item No. 1, at ¶ 6. Diaz alleges he worked for Premium from 2003 through March, 2014, and Cruz alleges he worked for Premium from 2008 through late 2013. Id.[1] Plaintiffs allege that Premium required them to spend time performing mandatory morning exercises, attending mandatory meetings, traveling between fields in a workday, and taking rest periods, but did not compensate them for the time spent on these activities. Id. They filed this action on behalf of themselves and four classes of other Premium workers: a Piece-Workers Class, a Restitution Class, a Wage Statement Class, and a Terminated Employees Class. Id. at ¶ 11.

In its motion to compel arbitration, Premium asserts that, upon hire, all new employees are provided a copy of the company's Employee Handbook. See Alderete Decl., at ¶ 6. It further asserts that a Spanish language version of the Handbook is provided to Spanish-speaking employees. Id. at ¶ 8. Both versions of the Handbook contain "Arbitration Policy" provisions that

---

[1] Premium's records apparently show that Diaz was employed from April 2, 2011, though March 24, 2014, and Cruz was employed from December 20, 2007, through March 29, 2013. See Alderete Decl., at ¶ 5.

2
Case No.: 5:15-cv-01258-EJD
ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO COMPEL
ARBITRATION; DENYING WITHOUT PREJUDICE REQUESTS FOR SANCTIONS

reference and incorporate addendums discussing the resolution of employment related disputes through private and binding arbitration. Id. at ¶ 6.[2]

Specifically, the English language version of the Handbook's addendum states:

> Premium Packing, Inc. utilizes a system of alternative dispute resolution which involves binding arbitration to resolve all disputes which may arise out of the employment context. Because of the mutual benefits (such as reduced expense and increased efficiency) which private binding arbitration can provide both the Company and myself, I and the Company both agree that any claim, dispute, and/or controversy that either party may have against one another . . . which would otherwise require or allow resort to any court or other governmental dispute resolution forum between myself and the Company . . . arising from, related to, or having any relationship or connection whatsoever with my seeking employment with, employment by, or other association with the Company, whether based on tort, contract, statutory or equitable law, or otherwise . . . shall be submitted to and determined exclusively by binding arbitration.

Id. at Ex. C.[3]

Premium maintains that its personnel files contain forms entitled "Receipt of Employee Handbook" signed by both Diaz and Cruz on June 7, 2013, and December 9, 2009, respectively. See Decl. of Marcy Orozco-Sanchez, Docket Item No. 20, at ¶¶ 13, 14, Exs. D, E. The receipts provide: "I understand that it is my responsibility to read and familiarize myself with the provisions of the handbook and to abide by the rules, policies, and standards set forth." Id. at ¶ 12.

Plaintiffs initiated the instant action in Monterey County Superior Court on February 10, 2015. They assert the following state-law claims against Premium: (1) failure to pay minimum wages, (2) failure to pay overtime wages, (3) unfair competition, (4) failure to provide accurate wage statements, and (5) failure to pay all wages owed upon termination. Premium removed the case to this court on March 18, 2015. The instant motions followed.

---

[2] Page 7 of the Employee Handbook provides under the heading "Arbitration Policy" that "Arbitration of employment disputes will take place in order to resolve any disagreements amongst employer and employee."

[3] Premium apparently updated its Employee Handbook in 2012. See Alderete Decl., at ¶ 10. This version retained the same "Arbitration Policy" and incorporated the same arbitration addendum. Id.

3

Case No.: 5:15-cv-01258-EJD
ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO COMPEL ARBITRATION; DENYING WITHOUT PREJUDICE REQUESTS FOR SANCTIONS

## II. LEGAL STANDARD

Pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et. seq., a written arbitration agreement is "valid, irrevocable, and enforceable" in much the same way as any other contract or contractual provision. 9 U.S.C. § 2; see Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63, 67 (2010). "A party to a valid arbitration agreement may 'petition any United States district court for an order directing that such arbitration proceed in the manner provided for in such agreement.'" Lifescan, Inc. v. Premier Diabetic Servs., Inc., 363 F.3d 1010, 1012 (9th Cir. 2004) (quoting 9 U.S.C. § 4). When such a request is made, two questions must be answered: whether an arbitration agreement exists and whether it encompasses the dispute at issue. See id. at 1012; see also Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000). If the party seeking arbitration establishes these two factors, the court must compel arbitration. 9 U.S.C. § 4; Chiron, 207 F.3d at 1130.

Generally, "the party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." Green Tree Fin. Corp.-Alabama v. Randolph, 531 U.S. 79, 91 (2000). Thus, a motion to compel arbitration should be denied if "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." AT&T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 650 (1986). Similarly, arbitration should not be compelled if the court finds "grounds as exist at law or in equity for the revocation of any contract," such as fraud, duress or unconscionability. 9 U.S.C. § 2; Rent-A-Center, 561 U.S. at 68. "However, federal courts are required to enforce agreements to arbitrate vigorously, according to their terms, and to resolve ambiguities in favor of arbitration." Ross Sinclaire & Assoc. v. Premier Sr. Living, LLC, No. 11-CV-5104 YGR, 2012 U.S. Dist. LEXIS 89229, at *15-16, 2012 WL 2501115 (N.D. Cal. June 27, 2012).

## III. EVIDENTIARY OBJECTIONS

Both parties submitted a list of objections to declarations and documents. These evidentiary objections are misplaced.

"On a motion to compel arbitration, the court applies a standard similar to the summary

4

Case No.: 5:15-cv-01258-EJD
ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO COMPEL ARBITRATION; DENYING WITHOUT PREJUDICE REQUESTS FOR SANCTIONS

judgment standard applied under Rule 56 of the Federal Rules of Civil Procedure." <u>Alvarez v. T-Mobile USA, Inc.</u>, No. CIV. 2:10-2373 WBS GGH, 2011 U.S. Dist. LEXIS 146757, at *8, 2011 WL 6702424 (E.D. Cal. Dec. 21, 2011).  Under Rule 56, "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2) (emphasis added).  Consequently, the focus of an objection at the summary judgment stage is not "the admissibility of the evidence's form" but on the "admissibility of its contents." <u>Fraser v. Goodale</u>, 342 F.3d 1032, 1036 (9th Cir. 2003). In consideration of the applicable standard, "objections to evidence on the ground that it is irrelevant, speculative, and/or argumentative, or that it constitutes an improper legal conclusion are all duplicative of the summary judgment standard itself" and are unnecessary. <u>Burch v. Regents of the Univ. of Cal.</u>, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. June 5, 2006).  So too are objections which assert that a declarant's statement was made without personal knowledge, is given in the form of a legal conclusion, or constitutes hearsay. <u>Alvarez</u>, 2011 U.S. Dist. LEXIS 146757, at *10.  "Instead of challenging the admissibility of this evidence, lawyers should challenge its sufficiency." <u>Id</u>.

Moreover, objections to documentary evidence "on the basis of a failure to comply with the technicalities of authentication requirements or the best evidence rule are . . . inappropriate" so long as such documents could be properly authenticated at trial. <u>Id</u>. at *10-11.

Here, the parties' objections fall into five categories: (1) challenges based on "lack of foundation," "lack of personal knowledge," or "improper law opinion," (2) challenges based on relevance, (3) challenges asserting that a statement is a "legal conclusion" or an "opinion on ultimate issue," (4) challenges based on hearsay, and (5) challenges claiming a "lack of authentication."  The court has reviewed these objections and finds them superfluous to the legal standard for the reasons explained.  Accordingly, they are each overruled.

**IV.   DISCUSSION**

Premium moves to compel arbitration based on the Arbitration Policy provision in its

Handbook. For their part, Plaintiffs do not contest that the Arbitration Policy encompasses their claims if enforceable against them, but challenge the existence of an arbitration agreement between themselves and Premium. In light of this dispute, Premium's motion is incapable of resolution on the current record.

The party moving to compel arbitration, in this case Premium, has burden to establish the existence of an agreement to arbitrate under state contract law. See Knutson v. Sirius XM Radio Inc., 771 F.3d 559, 565 (9th Cir. 2014) ("[T]he party seeking to compel arbitration[] has the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence."); Ingle v. Circuit City Stores, Inc., 328 F.3d 1165, 1170 (9th Cir. 2003) (holding the court "should apply ordinary state-law principles that govern the formation of contracts" to determine whether an arbitration agreement exists). "Only when there is no genuine issue of material fact as to whether the parties formed an agreement to arbitrate should the court rule that, as a matter of law, the parties should or should not be compelled to submit their dispute to arbitration." Alvarez, 2011 U.S. Dist. LEXIS 146757, at *23 (citing Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., 925 F.2d 1136, 1141 (9th Cir. 1991)). If the opposing party successfully demonstrates reasonable doubt as the creation of a binding arbitration agreement, "the matter should be resolved through an evidentiary hearing or mini-trial." Id.

Premium argues that it has satisfied its burden here. To that end, Premium points out the Employee Handbook it provided to all employees contained an arbitration policy and incorporated an arbitration addendum, the provisions of which are detailed above. Premium also believes the signed receipts it produced with this motion, which purportedly show that Diaz and Cruz acknowledged the existence of the Handbook and its governance of their employment with Premium, demonstrate that Plaintiffs assented to the arbitration policy. Moreover, Premium argues that Plaintiffs impliedly agreed to the arbitration policy by accepting and continuing to accept employment benefits.

Plaintiffs disagree for several reasons. First, Plaintiffs argue that Premium failed to

6

Case No.: 5:15-cv-01258-EJD
ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO COMPEL ARBITRATION; DENYING WITHOUT PREJUDICE REQUESTS FOR SANCTIONS

authenticate the signatures on the receipts acknowledging the Employee Handbook. As to Cruz, he states that he did not sign the receipt and that Premium "fabricated" his signature on the document it produced. See Decl. of Guillermo Cruz ("Cruz Decl."), Docket Item No. 24, at ¶ 4. As to Diaz, he does not recall signing the receipt. See Decl. of Mario Ivan Espinoza Diaz ("Diaz Decl."), Docket Item No. 24, at ¶ 4.

Second, Plaintiffs contend Premium did not establish though competent testimony that they were actually given a copy of the Employee Handbook and arbitration addendum. In fact, both Cruz and Diaz deny receiving or having ever seen these documents. See Cruz Decl., at ¶¶ 4, 5; Diaz Decl., at ¶¶ 4, 5.

Third, Plaintiffs argue they could not have impliedly agreed to arbitrate because they were never notified that the arbitration of disputes was a condition of employment.

It is generally true that "a petitioner is not required to authenticate an opposing party's signature on an arbitration agreement *as a preliminary matter* in moving for arbitration *or* in the event the authenticity of the signature is not challenged." Ruiz, 232 Cal. App. 4th at 790 (citing Condee v. Longwood Mgmt. Corp., 88 Cal. App. 4th 215, 218-19 (2001)) (emphasis preserved). However, when an employee denies signing or fails to recall signing an arbitration agreement, the employer must prove by a preponderance of the evidence that a proffered signature or other expression of assent is authentic before arbitration can be compelled. Id. Here, in the face of Plaintiffs' challenge, Premium must authenticate the signatures of Cruz and Diaz on the receipts by producing evidence sufficient to support a finding that the signatures are what Premium purports them to be since it relies on those documents to demonstrate Plaintiffs' assent to the arbitration policy in the Handbook. See Fed. R. Evid. 901(a).

Premium produced several documents it believes show that Cruz's printed signature on the receipt dated December 9, 2009, is his true signature. For example, Premium represents that the signature on the receipt is nearly identical to the printed signature on another form produced from Cruz's personnel file, namely the one entitled "Acuse De Recibo Y Entrenamiento," which is also

7
Case No.: 5:15-cv-01258-EJD
ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO COMPEL ARBITRATION; DENYING WITHOUT PREJUDICE REQUESTS FOR SANCTIONS

dated December 9, 2009, and which his attorney attests is "true and correct." See Decl. of Gregory N. Karasik, Docket Item No. 24, at ¶ 3, Ex. 2. Similarly, Premium produced evidence in an effort to authenticate Diaz's signature. To that end, Premium argues the signature on Diaz's receipt dated June 7, 2013, is indistinguishable from the one contained on documents that contain his confirmed signature, such as the Spanish-language declaration he submitted with the opposition to this motion and the retainer agreement attached to Cruz's declaration. See Cruz Decl., at ¶ 4.

While it is true that authentication can occur through "[a] comparison with an authenticated specimen by an expert witness or the trier of fact" or by considering "[t]he appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances" (Fed. R. Evid. 901(b)), the court nonetheless finds on this record that there exists a material factual dispute as to whether Plaintiffs entered into arbitration agreements with Premium. Here, the court has been presented with irreconcilable statements concerning Plaintiffs' signatures on the receipts; thus, the issue of whether or not Plaintiffs actually signed those documents and, by doing so, assented to the arbitration policy can only be resolved by assessing the credibility of witnesses. Indeed, although Premium believes only one conclusion can be drawn from its evidence, there may exist other plausible explanations to account for the signatures that appear on the receipts.

Moreover, Plaintiffs deny ever receiving a copy of the Handbook or the arbitration addendum and deny having been informed that their consent to the arbitration of disputes with Premium was a condition of employment. They also highlight an inconsistency in Premium's evidence on these topics: that despite Premium's representation that its employees are provided with these documents upon hire, the dates upon which Cruz and Diaz allegedly signed the receipts appear to be well after their dates of hire. As such, the court cannot determine on this evidence whether, and if so when, an arbitration agreement was created.

Since the parties' factual disputes preclude a final determination on the question of

8

Case No.: 5:15-cv-01258-EJD
ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO COMPEL ARBITRATION; DENYING WITHOUT PREJUDICE REQUESTS FOR SANCTIONS

1  whether or not Plaintiffs' claims are subject to arbitration, the court must hold an evidentiary

2  hearing on the limited issue of whether Plaintiffs and Premium formed an agreement to arbitrate.

3  This will be a non-jury hearing because Plaintiffs did not make a jury request in their opposition to

4  Premium's motion. See 9 U.S.C. § 4; see also Alvarez, 2011 U.S. Dist. LEXIS 146757, at *26

5  ("Since Alvarez did not demand a jury trial on or before the return day for T-Mobile's motion to

6  compel arbitration, he no longer has the right to demand a jury trial on the issue of whether he

7  entered into an agreement to arbitrate with T-Mobile when he activated his phone service.").[4]

## V.   ORDER

Based on the foregoing, Premium's Motion to Compel Arbitration (Docket Item Nos. 20, 21) is DENIED WITHOUT PREJUDICE to being renewed, if appropriate, subsequent to an evidentiary hearing on the issue of whether there exists an arbitration agreement between Plaintiffs and Premium.

The court schedules a Case Management Conference for **10:00 a.m. on January 28, 2016**, in order to discuss the evidentiary hearing. On or before **January 21, 2016**, the parties shall file a Joint Case Management Conference Statement which provides, inter alia, a suggested date for the hearing, an estimate of the hearing's length, a list of witnesses each side intends to call recognizing the limited nature hearing's scope, a list of the documents or exhibits the parties intend to offer again recognizing the limited scope, and a brief discussion of any legal or evidentiary issues the parties anticipate may arise.

---

[4] The relevant section of the FAA provides:

> If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof. If no jury trial be demanded by the party alleged to be in default, or if the matter in dispute is within admiralty jurisdiction, the court shall hear and determine such issue. Where such an issue is raised, *the party alleged to be in default may . . . on or before the return day of the notice of application*, demand a jury trial of such issue . . . .

9 U.S.C. § 4 (emphasis added).

Case No.: 5:15-cv-01258-EJD
ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO COMPEL ARBITRATION; DENYING WITHOUT PREJUDICE REQUESTS FOR SANCTIONS

Given the outcome of this motion, the Plaintiffs' request for sanctions and Premium's Motion for Sanctions (Docket Item No. 27) are DENIED WITHOUT PREJUDICE. Premium's motion to submit supplemental evidence (Docket Item No. 30) is DENIED WITHOUT PREJUDICE since such evidence may be admitted at the evidentiary hearing if otherwise admissible according to the Federal Rules of Evidence.

**IT IS SO ORDERED.**

Dated: January 6, 2016

EDWARD J. DAVILA
United States District Judge

10
Case No.: 5:15-cv-01258-EJD
ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO COMPEL ARBITRATION; DENYING WITHOUT PREJUDICE REQUESTS FOR SANCTIONS